IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA JENKINS, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| PETER PAN BUS LINE, | : | No. 25-cv-6642 |
| *Defendant.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                   **February 5, 2026**

Defendant moves to transfer this case to the U.S. District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a). *See* ECF No. 12 at 1. Previously, Defendant also moved for a more definite statement, *see id.*, but it has withdrawn that portion of the Motion, ECF No. 16 at 1. For the reasons set forth below, the Motion to Transfer (ECF No. 12) will be **DENIED**.

I.       **DISCUSSION**

Under 28 U.S.C. § 1404(a), "a district court may transfer [a] civil action to any other district or division where it might have been brought" or "to which all parties have consented" for "the convenience of parties and witnesses" and "in the interest of justice." In deciding a motion to transfer under § 1404(a), unless all parties have consented to another venue, a court must first determine whether venue would be proper in the district to which the case would be transferred. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 59 (2013). The court must then weigh the private interests of the parties and the interests of the public to decide if transfer is warranted. *See id.* at 62–63. In weighing these factors, "[t]he decision to transfer is in the court's discretion, but a transfer is not to be liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citation omitted).

Plaintiff does not consent to transfer, so the Court first determines whether venue would lie in the District of Massachusetts. Venue lies, among other circumstances, in any "district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For the purposes of venue, a corporate defendant is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction." *Id.* § 1391(c)(2). And there is general personal jurisdiction over a corporation in its principal place of business and place of incorporation. *See BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017).

Here, venue lies in the District of Massachusetts because the sole Defendant in this case is a Massachusetts resident. *See* 28 U.S.C. § 1391(b)(1). Defendant represents that it is a citizen of Massachusetts, *see* ECF No. 9 at 1, with a principal place of business in Springfield, Massachusetts, *see* ECF No. 12 at 14. The District of Massachusetts therefore has general personal jurisdiction over Defendant, rendering Defendant a resident of Massachusetts for venue purposes. *See* 28 U.S.C. § 1391(c)(2). Defendant therefore satisfies the threshold requirement to transfer the case to the District of Massachusetts.

The Court turns next to balancing the parties' and public's interests in transferring the case. *See Atl. Marine Constr. Co.*, 571 U.S. at 62–63. The parties' interests weigh modestly against transfer. To weigh the parties' interests, courts may look to the location in which the claims arose, the convenience to witnesses and litigants, the location of relevant records, the plaintiff's original choice of forum, the defendant's preferred forum, and any other factors that would streamline trying the case. *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017). Here, Plaintiff brings claims arising from the alleged unsafe operation of a bus on which she was a passenger. *See* ECF No. 1-3 at 6. The location in which these claims arose is either in the Eastern District of Pennsylvania or substantially closer to this District than to the District of Massachusetts. Plaintiff

boarded the bus in Philadelphia, where the bus would presumably have been inspected. *See* ECF No. 17 at 1. Likewise, the accident occurred "roughly twenty to twenty-five minutes after the bus departed" from Philadelphia. *Id.* at 2. Thus, any mechanical issues or road conditions relevant to the accident arose in or near Philadelphia. And no conduct directly precipitating the bus accident appears to have occurred in or near Massachusetts.

Convenience to witnesses is neutral because this District is more convenient for some witnesses but less convenient for others. For instance, Plaintiff made an incident report in person to a Peter Pan employee upon arriving in New York City. *See id.* Assuming that employee resides near New York City, this District would be more convenient. Likewise, any mechanical inspections of the bus in Philadelphia would have presumably been conducted by employees in or near Philadelphia. On the other hand, the Peter Pan employee who investigated Plaintiff's claim is located in Massachusetts. *Id.* at 4. Likewise, Plaintiff received all medical treatment in Rhode Island, which is closer to the District of Massachusetts. *See id.* at 2. However, the location of Plaintiff's medical treatment is most relevant to where her records are located, and the location of records is entitled to little weight given the widespread practice of electronic record-keeping. *See Civello v. Equinix, Inc.*, No. 24-CV-08803, 2025 WL 660247, at *3 (N.D. Cal. Feb. 28, 2025).

Lastly, the choice of forum and convenience to litigants is neutral or, at most, slightly favors transfer. Plaintiff's original choice of forum is in the Eastern District of Pennsylvania. Because this District "is not [her] home forum," the deference given to this factor is lessened but is not eliminated. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). The Defendant's choice of forum is the District of Massachusetts, and Massachusetts is also more convenient to Defendant, whose principal place of business is located there. *See* ECF No. 12 at 14. However, a defendant's choice of forum is afforded "considerably less weight than the plaintiff's."

*See N. Am. Commc'ns, Inc. v. Eclipse Acqui Inc.*, No. CV 3:17-167, 2018 WL 651795, at *6 n.10 (W.D. Pa. Jan. 31, 2018) (internal quotation marks and citation omitted). And the Court takes notice that Defendant holds itself out as having locations across the East Coast, including near the Eastern District of Pennsylvania. *Locations*, https://peterpanbus.com/locations/ [https://perma.cc/33P2-MA63] (last visited Feb. 4, 2026). All told, and bearing in mind that virtually no aspects of this accident arose near the District of Massachusetts, the private interest factors weigh modestly against transfer.

The public interest factors weigh modestly against transfer, too. To evaluate the public's interests, courts may consider factors such as the relative congestion of the transferor and transferee districts, the familiarity of the districts with the applicable state law in a diversity case, "the public policies of the fora," the enforceability of the judgment, and "the local interest in deciding local controversies at home." *In re Howmedica Osteonics Corp.*, 867 F.3d at 402 (citation omitted). Here, many of these factors are neutral. The Parties do not point to any public policies of either district implicated here, nor do the Parties raise any issues with enforcing a judgment. The relative congestion of the districts is also neutral because the districts have approximately the same number of pending cases and weighted filings per judge. As of September 30, 2025, the District of Massachusetts had 495 pending cases per judge and 360 weighted filings per judge, while the Eastern District of Pennsylvania had 496 pending cases per judge and 350 weighted filings per judge. *See* Admin. Office of the U.S. Cts., *U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics* (Sept. 30, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0930_2025.pdf  [https://perma.cc/JF68-ZLWG]. The Court finds that metric, rather than a district's overall caseload or median time to disposition, a better approximation of congestion. *Cf. United States v. H&R Block, Inc.*, 789 F. Supp. 2d 74,

84 (D.D.C. 2011) ("[D]isparities between the lengths of time from filing to trial may also reflect differences other than congestion, such as differences in the types of cases that are likely to be tried in each district and the level of discovery and pre-trial motion practice required in those cases."). Likewise, the local interest in deciding local controversies at home is neutral or, at most, weighs against transfer. The accident took place while the bus at issue was traveling between destinations, and the Complaint alleges the accident was caused by the unsafe operation of the bus and failure to train the driver. *See* ECF No. 1-3 at 6. Given these allegations and the transitory nature of the bus, the controversy is not particularly local to either district. Nonetheless, to the extent it implicates Pennsylvania road conditions, it is more local to the Eastern District of Pennsylvania.

Lastly, the familiarity of the districts with applicable state law weighs modestly against transfer. Massachusetts law is very unlikely to apply. However, it is possible that Pennsylvania law will apply, with which the Eastern District of Pennsylvania is more familiar. Factors such as where Plaintiff boarded the bus (in Philadelphia), where the bus would have been inspected prior to departing (Philadelphia), and where the injury occurred (allegedly "twenty to twenty-five minutes" from Philadelphia, ECF No. 17 at 2) all would support a choice of law analysis favoring Pennsylvania law in this tort law suit. *See* Restatement (Second) of Conflict of Laws § 145 (1971). Given that most of the public interest factors are neutral and one factor weighs against transfer, the public's interests in this case weigh modestly against transfer.

Accordingly, the parties' and public's interests both weigh modestly against transfer, and the balance of these factors supports denying the Motion to Transfer (ECF No. 12).

## II.      CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer (ECF No. 12) will be denied.

An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

_____

CHAD F. KENNEY, JUDGE